**Art CLIFTON, Appellant,**

v.

**John PEZZULLO, Appellee.**

No. 5034.

Court of Civil Appeals of Texas,
Waco.

Aug. 12, 1971.

Fanning & Harper, Harlan Harper, Jr., Dallas, for appellant.

Harrison, Curtis & Cooper, Michael R. Cooper, Woodburn & Hunter, Bill C. Hunter, Ernest Conner, Abney & Burleson, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Clifton from summary judgment against him in favor of plaintiff Pezzullo, in a suit against defendant as endorser of a note.

Plaintiff Pezzullo sued defendant Clifton alleging on February 8, 1964 Jack Miller executed and delivered his note for $10,000 to defendant; that thereafter defendant endorsed and delivered such note to plaintiff; that the note was not paid when due; that plaintiff sued Miller and recovered judgment against him, but such judgment has not been paid. Plaintiff prayed for judgment against defendant.

Defendant answered by general denial.

Thereafter plaintiff moved for summary judgment, "based on the pleadings on file herein".

Defendant by amended answer, controverting affidavit and copy of a letter contract between the parties established that plaintiff was to hold the note as Trustee and there was to be no personal liability on the part of defendant.

Plaintiff's attorney by "Affidavit in Support of Motion for Summary Judgment", and "Supplemental Affidavit in Support of Motion for Summary Judgment" testified to a contract whereby plaintiff received the note as payment for debt owed by Clifco Inc., a corporation of which defendant was President.

The trial court entered interlocutory summary judgment for plaintiff against defendant.

Thereafter defendant moved to dismiss counterclaim he had plead against plaintiff, and the trial court dismissed same, thus making plaintiff's interlocutory summary judgment against defendant final.

Defendant appeals on 7 points contending the trial court erred in rendering summary judgment against him as there were genuine and material issues of fact made by the record.

Plaintiff appellee has filed no brief.

Defendant's controverting affidavit and the letter contract raised a fact issue as to whether defendant is personally liable on the endorsement. Plaintiff's attorney's affidavit and supplemental affidavit and the contract it refers to, themselves create a fact issue as to whether defendant is liable on the endorsement.

Defendant's contention is sustained; the judgment is reversed and cause remanded.

Reversed and remanded.